1    VIII.   REPORTING REQUIREMENTS

2        33.    By no later than 180 days after the Effective Date of this Consent Decree, and

3    every 180 days thereafter, until 180 days after NPC has completed all construction required by

4    Paragraphs 15 (Igniter Installation Project) and 16 (Installation and Operation of Baghouses),

5    NPC shall submit to EPA and NDEP, pursuant to Section XVI (Notices), a report which provides

6    the following for the 180 day period that ended on the reporting date:

7            a.    A status report regarding all work necessary to meet the requirements of

8    Paragraphs 15 (Igniter Installation Project) and 16 (Installation and Operation of Baghouses).

9    This status report shall include, at a minimum, a discussion of the status of any construction or

10   compliance measures (e.g., permitting process, contracting for construction, engineering, or other

11   related activities, anticipated start-up of operations, testing, etc.); problems encountered or

12   anticipated with construction or permitting, together with implemented or proposed solutions; and

13   copies of any documentation provided to, or received from, NDEP, CCDAQM and/or any other

14   permitting agencies, regarding any requirement imposed by this Decree; and

15           b.    A current copy of the Environmental Compliance Plan, required pursuant

16   to Paragraph 18, including a summary of any changes made to the plan since the previous report.

17       34.    NPC shall not claim confidential treatment under, EPA, US Department of Justice,

18   or State regulations for any information disclosed in the audits required pursuant to Paragraph 20,

19   unless that information consists of trade secrets, or proprietary commercial information.  If NPC

20   seeks to claim as confidential such information disclosed in an audit report, NPC shall highlight

21   that information wherever it appears, and that claim shall be subject to EPA regulations under 40

22   C.F.R. Part 2.  Nothing in this paragraph shall prevent the Plaintiffs from submitting information

23   containing alleged trade secrets to the Court under seal.

24       35.    Within 60 days of the completion of an audit, as required by Section VI

25   (Environmental Management and Auditing), NPC shall provide EPA and NDEP, pursuant to

26   Section XVI (Notices), a report of any corrective action NPC is undertaking in response to the

27   audit report.

28

36.    On an annual basis, beginning two years after the Effective Date of this Consent Decree, and continuing until June 30, 2014, NPC shall provide a report containing the following information:

a.    a description of the CCSD Energy Savings Project as implemented during the previous year;

b.    a description of any problems encountered in undertaking the CCSD Energy Project in the previous year and the solutions thereto; and

c.    a detailed analysis of the energy savings achieved to date by the project, presented both in terms of (i) avoided Kwhs and/or decatherms of natural gas, and (ii) cost savings, cumulatively and annually, to the CCSD in 2006 dollars.  This analysis will reference the following measurement and verification protocols: International Performance Measurement and Verification Protocol; the Measurement and Verification Guidelines for Federal Energy Projects; and the ASHRAE Guidelines on Measuring Energy and Demand Savings.

37.    Opacity Exceedance Reporting.  Within 10 days of submitting any required quarterly report concerning opacity emissions to the Director of the State Department of Conservation and Natural Resources, or his designee, pursuant to Nevada Administrative Code § 445B.265 (Monitoring systems: Records; Reports), NPC shall provide EPA with a copy of the report, pursuant to Section XVI (Notices).

a.    If NPC shuts down and ceases operations of Units 1-3, pursuant to Paragraph 16, it shall not be required to provide EPA with copies of the quarterly reports pursuant to this Paragraph.  However, if NPC later recommences operation of any shutdown Unit, pursuant to Paragraph 16(a), it shall provide EPA with copies of the quarterly reports, as required by this Paragraph.

38.    NPC shall notify the Plaintiffs in writing, within 15 days of the day NPC first becomes aware of a violation of any requirement of this Consent Decree, and shall identify its likely duration, with an explanation of the violation's likely cause and of the remedial steps taken, or to be taken, to prevent or minimize such violation.  If the cause of a violation cannot be fully explained at the time the report is due, NPC shall so state in the report.  NPC shall investigate the

1   cause of the violation and shall then submit an amendment to the report, including a full

2   explanation of the cause of the violation, within 45 days of the day NPC becomes aware of the

3   cause of the violation. Nothing in this Paragraph or the following Paragraph relieves NPC of its

4   obligation to provide the notice required by Section X (Force Majeure) of this Consent Decree.

5       39.    All reports required by this Section shall be submitted as required by Section XVI

6   (Notices) of this Consent Decree.

7       40.    Each report submitted by NPC under this Section shall be signed by a

8   knowledgeable officer of NPC under penalty of law that the information contained in the report is

9   true accurate, and complete to the best of his or her knowledge and belief, and shall include the

10   following certification:

11       I certify under penalty of law that I have examined and am familiar with the

12       information submitted in this document and all attachments and that, based on my

13       inquiry of those individuals immediately responsible for obtaining the information

14       and to the best of my knowledge, information and belief, the information is true,

15       accurate, and complete. I am aware that there are significant penalties for

16       submitting false information, including the possibility of fines and imprisonment.

17       41.    The reporting requirements of this Consent Decree do not relieve NPC of any

18   reporting obligations required by the Act or implementing regulations, or by any other federal,

19   State, or local law, regulation, permit, or other requirement.

20       42.    Any information provided pursuant to this Consent Decree may be used by the

21   Plaintiffs in any proceeding to enforce the provisions of this Consent Decree and as otherwise

22   permitted by law.

23       IX.    STIPULATED PENALTIES

24       43.    If NPC fails to pay the civil penalty to the United States, required to be paid under

25   Section IV (Civil Penalty) of this Decree when due, NPC shall pay a Stipulated Penalty of $5,000

26   per day for each day that the payment is late to the United States. Late payment of the civil

27   penalty to the United States shall be made in accordance with Section IV (Civil Penalty),

28   Paragraph 11(a), above. Stipulated Penalties shall be paid in accordance with Section IX

1    (Stipulated Penalties), Paragraph 54, below.  All transmittal correspondence shall state that any

2    such payment is for late payment of the civil penalty due to the United States under this Decree,

3    or for Stipulated Penalties for the late payment, as applicable, and shall include the identifying

4    information set forth in Paragraph 11(a), above.

5        44.    If NPC fails to pay the civil penalty to the State of Nevada, required to be paid

6    under Section IV (Civil Penalty), Paragraph 11(b) of this Decree when due, NPC shall pay a

7    Stipulated Penalty of $5,000 per day for each day that the payment is late to the State of Nevada.

8    Late payment of the civil penalty to the State of Nevada shall be made in accordance with Section

9    IV (Civil Penalty), Paragraph 11(b), above.  Stipulated Penalties shall be paid in accordance with

10   Section IX (Stipulated Penalties), Paragraph 55, below.  All transmittal correspondence shall state

11   that any such payment is for late payment of the civil penalty due to the State of Nevada under

12   this Decree, or for Stipulated Penalties for the late payment, as applicable, and shall include the

13   identifying information set forth in Paragraph 11(b), above.

14       45.    NPC shall be liable for Stipulated Penalties to the United States and/or the State of

15   Nevada for violations of this Consent Decree as specified below, unless excused under Section X

16   (Force Majeure).  A violation includes failing to perform any obligation required by the terms of

17   this Decree, including any work plan or schedule approved under this Decree, according to all

18   applicable requirements of this Decree and within the specified time schedules established by or

19   approved under this Decree.

20       46.    Opacity Emission Limits during Opacity Compliance Period.  During the Opacity

21   Compliance Period, NPC shall pay stipulated penalties in accordance with Paragraphs 46(a) – (d)

22   for any Opacity Exceedance.  Upon demand by either Plaintiff, stipulated penalties due under

23   Paragraphs 46(a) – (d) shall be paid fifty-percent to the United States, in accordance with

24   Paragraph 54, and fifty-percent to the State of Nevada, in accordance with Paragraph 55.

25           a.    Unit #1.  If the total of Opacity Exceedances over the previous 11 month

26   period exceeds 134, and the number of Opacity Exceedances for the current calendar month

27   exceeds 13, then NPC shall pay stipulated penalties for each additional Opacity Exeedence during

28   the current calendar month, as follows:

| Monthly Opacity Exceedances (six minute averages): | 14-24 | 25-35 | 36+ | |
|---|---|---|---|---|
| Stipulated Penalty per six minute average over 7: | $2,500 | $5,000 | $7,500 | |

b.     Unit #2.  If the total of opacity exceedances over the previous 11 month period exceeds 162, and the number of opacity exceedances for the current calendar month exceeds 15, then NPC shall pay stipulated penalties for each additional six minute exceedance during the current calendar month, as follows:

| Monthly Opacity Exceedances (six minute averages): | 16-26 | 27-37 | 38+ | |
|---|---|---|---|---|
| Stipulated Penalty per six minute average over 15: | $2,500 | $5,000 | $7,500 | |

c.     Unit #3.  If the total of opacity exceedances over the previous 11 month period exceeds 134, and the number of opacity exceedances for the current calendar month exceeds 13, then NPC shall pay stipulated penalties for each additional six minute exceedance during the current calendar month, as follows:

| Monthly Opacity Exceedances (six minute averages): | 14-24 | 25-35 | 36+ | |
|---|---|---|---|---|
| Stipulated Penalty per six minute average over 13: | $2,500 | $5,000 | $7,500 | |

d.     Unit #4.  If the total of opacity exceedances over the previous 11 month period exceeds 174, and the number of opacity exceedances for the current calendar month exceeds 15, then NPC shall pay stipulated penalties for each additional six minute exceedance during the current calendar month, as follows:

| Monthly Opacity Exceedances (six minute averages): | 16-26 | 27-37 | 38+ | |
|---|---|---|---|---|
| Stipulated Penalty per six minute average over 15: | $2,500 | $5,000 | $7,500 | |

47.     Compliance Requirements Stipulated Penalties.

1           a.      NPC shall pay a stipulated penalty of $2,500, per day, for each violation of

2  any requirement in Paragraphs 7, 15, and/or 17 of this Consent Decree.  Upon demand by either

3  Plaintiff, stipulated penalties due under this Paragraph shall be paid fifty-percent to the United

4  States, in accordance with Paragraph 54, and fifty-percent to the State of Nevada, in accordance

5  with Paragraph 55.

6           b.      NPC shall pay a stipulated penalty of $5,000, per day, for each violation of

7  any requirement in Paragraph 16 (Installation and Operation of Baghouses) of this Consent

8  Decree.  Upon demand by either Plaintiff, stipulated penalties due under this Paragraph shall be

9  paid fifty-percent to the United States, in accordance with Paragraph 54, and fifty-percent to the

10  State of Nevada, in accordance with Paragraph 55.

11       48.     <u>Environmental Management and Auditing Stipulated Penalties</u>.  NPC shall pay a

12  stipulated penalty of $1,500, per day, for each violation of any deadline in Section VI

13  (Environmental Management and Auditing).  Upon demand by either Plaintiff, stipulated

14  penalties due under this Paragraph shall be paid fifty-percent to the United States, in accordance

15  with Paragraph 54, and fifty-percent to the State of Nevada, in accordance with Paragraph 55.

16       49.     <u>Reporting and Recordkeeping Requirements Stipulated Penalties</u>.  NPC shall pay a

17  stipulated penalty of $1,000 per day, for each violation of the reporting and recordkeeping

18  requirements of Section VIII (Reporting Requirements) of this Consent Decree.  Upon demand by

19  either Plaintiff, stipulated penalties due under this Paragraph shall be paid fifty-percent to the

20  United States, in accordance with Paragraph 54, and fifty-percent to the State of Nevada, in

21  accordance with Paragraph 55.

22       50.     <u>Environmental Project Compliance Stipulated Penalties</u>.

23           a.      NPC shall pay a stipulated penalty of $2,500, per day, for any failure to

24  make its application to CCAQMD as required by Paragraph 22 and/or each to provide a copy of

25  such application to NDEP and EPA, as required by Paragraph 22(a).  Upon demand by either

26  Plaintiff, stipulated penalties due under this Paragraph shall be paid fifty-percent to the United

27  States, in accordance with Paragraph 54, and fifty-percent to the State of Nevada, in accordance

28  with Paragraph 55.

1      b.      NPC shall pay a stipulated penalty of $10,000, per day, for each violation

2  of the 10 day rolling average requirements in Paragraph 23 (SO$_2$ Limitations and Operating

3  Permit Modification).  Upon demand by either Plaintiff, stipulated penalties due under this

4  Paragraph shall be paid fifty-percent to the United States, in accordance with Paragraph 54, and

5  fifty-percent to the State of Nevada, in accordance with Paragraph 55.

6      c.      If the total cumulative cost savings to CCSD pursuant to Paragraph 24 are

7  less than $4,000,000, in 2006 Dollars, NPC shall pay the State of Nevada a stipulated penalty of

8  the difference between the total cumulative cost savings as determined pursuant to Paragraph

9  25(c) and $4,000,000, in accordance with Paragraph 55.

10      d.      NPC shall pay the State of Nevada a stipulated penalty of $500, per day,

11  for each violation of the reporting requirements of Paragraph 25 (CCSD Energy Saving Project

12  Completion Report) of this Consent Decree, in accordance with Paragraph 55.

13      e.      NPC shall pay a stipulated penalty of $1,000 for each violation of the

14  requirements in Paragraph 30.  Upon demand by either Plaintiff, stipulated penalties due under

15  this Paragraph shall be paid fifty-percent to the United States, in accordance with Paragraph 54,

16  and fifty-percent to the State of Nevada, in accordance with Paragraph 55.

17      f.      NPC shall pay a stipulated penalty of $2,500 for each violation of the

18  requirements in Paragraph 31.  Upon demand by either Plaintiff, stipulated penalties due under

19  this Paragraph shall be paid fifty-percent to the United States, in accordance with Paragraph 54,

20  and fifty-percent to the State of Nevada, in accordance with Paragraph 55.

21      51.      Stipulated Penalties under this Section shall begin to accrue on the day after

22  performance is due or on the day a violation occurs, whichever is applicable, and shall continue to

23  accrue until performance is satisfactorily completed or until the violation ceases.  Stipulated

24  Penalties shall accrue simultaneously for separate violations of this Consent Decree.  NPC shall

25  pay any Stipulated Penalty within 30 days of receiving a written demand for payment from either

26  Plaintiff.

27      52.      Either Plaintiff may, in the unreviewable exercise of its discretion, reduce or waive

28  Stipulated Penalties otherwise due it under this Consent Decree.

- 21 -

53.     Except as otherwise provided by Paragraph 70, Stipulated Penalties shall continue to accrue as provided in Paragraph 51, above, during any Dispute Resolution, with interest on accrued penalties payable and calculated at the rate established by the Secretary of the Treasury, pursuant to 28 U.S.C. § 1961, but need not be paid until the following:

a.     If the dispute is resolved by agreement or by a decision of the United States or State of Nevada, as applicable, that is not appealed to the Court, NPC shall pay accrued penalties agreed upon or determined to be owing, together with interest, to the United States or State of Nevada within 30 days of the Effective Date of the agreement or the receipt of the United States' or State of Nevada's decision or order.

b.     If the dispute is appealed to the Court and the United States or Nevada prevail in whole or in part, NPC shall pay all accrued penalties and interest determined by the Court to be owing, within 60 days of receiving the Court's decision or order, except as provided in Subparagraph c, below.

c.     If any Party appeals the District Court's decision, NPC shall pay all accrued penalties and interest determined to be owing by the appellate court, within 15 days of receiving the final appellate court decision.

54.     NPC shall pay Stipulated Penalties owing to the United States by EFT in accordance with Section IV, Paragraph 11(a), above or by certified or cashier's check in the amount due, payable to the "U.S. Department of Justice," referencing DOJ No. 90-5-2-1-08653, and delivered to:

> United States Attorney's Office
> District of Nevada
> Attn: Financial Litigation Unit
> 333 South Las Vegas Blvd., Lloyd George Federal Bldg.
> Las Vegas, NV 89101

55.     NPC shall pay Stipulated Penalties owing to the State of Nevada by cashier's check, made payable to the "State of Nevada – Account for Management of Air Quality," and sent via registered, certified, or overnight mail to:

Mike Elges
Chief, Bureau of Air Pollution Control
Nevada Division of Environmental Protection
901 S. Stewart Street, Suite 4001
Carson City, NV 89701

56.     Neither NPC nor any of its parent or affiliated corporations shall deduct NPC's payment of Stipulated Penalties paid under this Section for any tax purpose or otherwise obtain favorable tax treatment of such payment.

57.     If NPC fails to pay Stipulated Penalties according to the terms of this Consent Decree, NPC shall be liable for interest on such penalties, as provided for in 28 U.S.C. § 1961, accruing as of the date payment became due.

58.     Subject to the provisions of Section XIV (Effect of Settlement/Reservation of Rights) of this Consent Decree, the Stipulated Penalties provided for in this Consent Decree shall be in addition to any other rights, remedies, or sanctions available to the Plaintiffs for Defendant's violation of this Consent Decree or applicable law.  Where a violation of this Consent Decree is also a violation of the Act, NPC shall be allowed a credit, for any Stipulated Penalties paid, against any statutory penalties imposed for such violation.

## X.     FORCE MAJEURE

59.     For purposes of this Consent Decree, a "Force Majeure Event" is defined as any event arising from causes beyond the control of NPC, its contractors, or any entity controlled by NPC that delays or prevents the performance of any obligation under this Consent Decree despite NPC's best efforts to fulfill the obligation.  "Best efforts" include using best efforts to anticipate any potential force majeure event and to address the effects of any such event (a) as it is occurring and (b) after it has occurred, such that the delay is minimized to the greatest extent possible.  "Force Majeure" does not include NPC's financial inability to perform any obligation under this Consent Decree, nor does it include normal inclement weather.

60.     If any event occurs or has occurred that may delay the performance of any obligation under this Consent Decree, as to which NPC intends to assert a claim of force majeure, NPC shall provide notice in writing, as provided in Section XVI (Notices) of this Consent Decree, within seven (7) days of the time NPC first knew of, or by the exercise of due diligence should

- 23 -

1  have know of, the event. Such notification shall include an explanation and description of the

2  reasons for the delay; the anticipated duration of the delay; a description of all actions taken or to

3  be taken to prevent or minimize the delay; a schedule for implementation of any measures to be

4  taken to prevent or mitigate the delay or the effect of the delay; and NPC's rationale for

5  attributing such delay to a Force Majeure Event. Failure to comply with the above requirements

6  shall preclude NPC from asserting any claim of Force Majeure. NPC shall be deemed to know of

7  any circumstance of which NPC, its contractors, or any entity controlled by NPC knew or should

8  have known.

9          61.     NPC shall have the burden of proving, by a preponderance of the evidence, that

10  each event described in the preceding Paragraph was a Force Majeure Event; that NPC gave the

11  notice required by the preceding Paragraph; that NPC took all reasonable steps to prevent or

12  minimize any delay caused by the event; and that any period of delay it claims was attributable to

13  the Force Majeure Event was caused by that event.

14          62.     If the Plaintiffs agree that a delay in NPC's performance of an obligation under

15  this Consent Decree has been caused by a Force Majeure Event, the Parties shall stipulate to an

16  extension of time for NPC's performance of the affected compliance requirement by a period not

17  exceeding the delay actually caused by such event. In such circumstances, the appropriate

18  modification shall be made pursuant to Section XIX (Modification) where the modification is to a

19  term of this Consent Decree or is a material modification of any Appendix to this Consent

20  Decree. In the event that the Parties cannot agree, the matter shall be resolved in accordance with

21  Section XI (Dispute Resolution). Any extension of time for the performance of the obligations

22  affected by a Force Majeure Event shall not, of itself, extend the time for performance of any

23  other obligation required by this Consent Decree.

24                          XI.     DISPUTE RESOLUTION

25          63.     Unless otherwise expressly provided for in this Consent Decree, the dispute

26  resolution procedures of this Section shall be the exclusive mechanism to resolve disputes arising

27  under or with respect to this Consent Decree. However, such procedures shall not apply to

28

1    actions by the United States or State of Nevada to enforce obligations of the Defendant that

2    Defendant has not disputed in accordance with this Section.

3        64.    Informal Dispute Resolution.  Any dispute subject to dispute resolution under this

4    Consent Decree shall first be the subject of informal negotiations.  The dispute shall be

5    considered to have arisen when the Plaintiffs receive a written Notice of Dispute from Defendant.

6    Such Notice of Dispute shall state clearly the matter in dispute.  The period of informal

7    negotiations shall not exceed 30 days from the date the Plaintiffs receive the Notice of Dispute,

8    unless that period is modified by written agreement.  If the Parties cannot resolve a dispute by

9    informal negotiations, then the position advanced by the Plaintiffs shall be considered binding

10   unless, within 30 days after receiving written notice from the Plaintiffs terminating informal

11   negotiations, Defendant invokes formal dispute resolution procedures as set forth below.

12       65.    Formal Dispute Resolution.  Defendant shall invoke formal dispute resolution

13   procedures, within the time period provided in the preceding Paragraph, by serving on the

14   Plaintiffs a written Statement of Position regarding the matter in dispute.  The Statement of

15   Position shall include, but may not necessarily be limited to, any factual data, analysis, or opinion

16   supporting Defendant's position and any supporting documentation relied upon by Defendant.

17       66.    The Plaintiffs shall serve their Statement of Position within 45 days of receipt of

18   Defendant's Statement of Position.  EPA and NDEP will respond with one combined Statement

19   of Position, setting forth the position of both EPA and NDEP.  The Plaintiffs' Statement of

20   Position shall include, but may not necessarily be limited to, any factual data, analysis, or opinion

21   supporting that position and any supporting documentation relied upon by the Plaintiffs.  The

22   Plaintiffs' Statement of Position shall be binding on Defendant, unless Defendant files a motion

23   for judicial review of the dispute in accordance with the following Paragraph.

24       a.    Plaintiffs shall maintain an administrative record of all disputes brought

25   under Paragraph 65. The administrative record shall include all Statements of Position, including

26   accompanying supporting information and documentation.

27       67.    Defendant may seek judicial review of the dispute by filing with the Court and

28   serving on the Plaintiffs, in accordance with Section XVI (Notices) of this Consent Decree, a

- 25 -

1    motion requesting judicial resolution of the dispute.  The motion must be filed within 30 days of

2    receipt of the Plaintiffs' Statement of Position pursuant to the preceding Paragraph.  The motion

3    shall contain a written statement of Defendant's position on the matter in dispute and shall set

4    forth the relief requested and any schedule within which the dispute must be resolved for orderly

5    implementation of the Consent Decree.

6          68.    Plaintiffs shall respond to Defendant's motion within the time period allowed by

7    the Local Rules of this Court.  Defendant may file a reply memorandum, to the extent permitted

8    by the Local Rules.

9          69.    In any dispute brought under Paragraph 67, this Court shall uphold the decision of

10   the Plaintiffs, unless this Court determines, based on a review of the administrative record

11   maintained pursuant to Paragraph 66(a), that the Plaintiffs' decision was arbitrary and capricious,

12   an abuse of discretion or otherwise not in accordance with applicable law.

13         70.    The invocation of dispute resolution procedures under this Section shall not, by

14   itself, extend, postpone, or affect in any way any obligation of Defendant under this Consent

15   Decree, unless and until final resolution of the dispute so provides.  Stipulated Penalties with

16   respect to the disputed matter shall continue to accrue from the first day of noncompliance, but

17   payment shall be stayed pending resolution of the dispute as provided in Paragraph 53, above.  If

18   Defendant does not prevail on the disputed issue, Stipulated Penalties shall be assessed and paid

19   as provided in Section VIII (Stipulated Penalties).

20         71.    If any permitting authority, including but not limited to NDEP and/or PUCN, fails

21   to issue, renew or modify a permit or other approval required pursuant to Section XII (Permits),

22   or delays the issuance, renewal or modification of such a permit beyond the period required for

23   the permitting authority to act on the application under applicable law and/or regulation, NPC

24   may invoke the Dispute Resolution procedures set forth in this Section to request a reasonable

25   extension of the schedules affected by such failure or delay.  If NPC requests Dispute Resolution

26   pursuant to this Paragraph, stipulated penalties for failure to comply with a requirement of this

27   Decree affected by the permit delay, shall not apply to the period affected by such failure or delay

28   and shall not accrue during the period of Dispute Resolution under this Paragraph, provided that:

1   (i) the delay was not caused by NPC's failure to comply with this Decree; (ii) the delay was not

2   caused by NPC's failure to submit a complete permit application that complied with the

3   applicable laws, regulations, and procedures of NDEP and/or PUCN; and, (iii) NPC continues to

4   meet the requirements of Section XII (Permits).

5                                  XII.   __PERMITS__

6        72.      Unless otherwise required by this Section, in any instance where otherwise

7   applicable law or this Consent Decree requires NPC to secure or modify a permit to authorize

8   construction or operation of any device, including all preconstruction, construction, and operating

9   permits required under federal, state or local law, NPC shall make such application in a timely

10   manner, timely provide additional information as requested by the permitting authority to make

11   its application complete, and otherwise cooperate with any permitting authority as necessary to

12   meet the terms of this Decree.  NPC shall pay any fees necessary to secure or modify a permit as

13   required by this Paragraph.

14        73.      When a permit is required, NPC shall complete and submit any application for

15   such permit to the appropriate authorities to allow sufficient time for all legally required

16   processing and review of the permit request, including requests for additional information by the

17   permitting authorities.

18        74.      __Incorporation of Consent Decree Requirements into Federally Enforceable Permit__

19   __or SIP__.  If not already incorporated in a federally enforceable permit (other than a Title V permit),

20   or an amendment to the SIP, NPC agrees that:

21            a.      no later than six months after the commencement of operation of the

22   Igniter Installation Project, pursuant to Paragraph 15, NPC shall apply to include the requirements

23   and/or limitations enumerated in that Paragraph into either a federally enforceable permit (other

24   than a Title V permit) or an amendment to the SIP;

25            b.      no later than six months after the commencement of operation of the

26   Baghouses, pursuant to Paragraph 16, NPC shall apply to include the requirements and/or

27   limitations enumerated in that Paragraph into either a federally enforceable permit (other than a

28   Title V permit) or an amendment to the SIP; and

c.      no later than one year after the Effective Date of this Decree, NPC shall apply to include the requirements and/or limitations of Paragraph 23 (SO2 Limitations and Operating Permit Modification) into either a federally enforceable permit (other than a Title V permit) or an amendment to the SIP.

d.      NPC shall provide EPA with a copy of each permit application required by this Paragraph, pursuant to Section XVI (Notices), as well as a copy of any permit proposed as a result of such application.

e.      NDEP agrees that any application submitted to it by NPC under this Paragraph shall be reviewed in accordance with applicable laws and regulations.

75.      Mechanism for Title V Incorporation.  The Parties agree that the incorporation of the requirements of this Consent Decree into the Operating Permit shall be in accordance with state Title V rules, including applicable administrative amendment provisions of such rules.

76.      PUCN Approval.  No later than 30 days after the Effective Date of this Consent Decree NPC shall submit a complete application, pursuant to all applicable rules and law, to PUCN for approval for the inclusion of the Igniter Installation Project, required by Paragraph 15, and the installation and operation of Baghouses, required by Paragraph 16, into its Integrated Resource Plan.

77.      Notwithstanding the reference to the Title V Permit in this Decree, the enforcement of the permit shall be in accordance with its own terms and Act.  The Title V Permit shall not be enforceable under this Consent Decree, although any term or limit established by or under this Consent Decree shall be enforceable under this Consent Decree regardless of whether such term has or will become part of a Title V permit, subject to the terms of Section XX (Termination as to Completed Tasks).

XIII.     INFORMATION COLLECTION AND RETENTION

78.      The United States and/or the State of Nevada and its representatives, including attorneys, contractors, and consultants, shall have the right of entry into the Facility, at all reasonable times, upon presentation of credentials, to:

- 28 -

1          a.     monitor the progress of activities required under this Consent Decree;

2          b.     verify any data or information submitted to the United States and/or State

3 of Nevada in accordance with the terms of this Consent Decree;

4          c.     obtain documentary evidence, including photographs, emission sampling,

5 and similar data; and

6          d.     assess Defendant's compliance with this Consent Decree.

7      79.     Defendant shall retain, and shall instruct its contractors and agents to preserve,

8 copies of all documents, records, or other information (including documents, records, or other

9 information in electronic form) in its or its contractors' or agents' possession, or that come into its

10 or its contractors' or agents' possession, and that relate to Defendant's performance of its

11 obligations under this Consent Decree.  Such documents, records, or other information shall be

12 retained for a minimum of five years from the date the document, record, or other information

13 was created or received by the Defendant.  This information-retention requirement shall apply

14 regardless of any contrary corporate or institutional policies or procedures.  At any time during

15 this information-retention period, the United States or the State of Nevada may request copies of

16 any documents, records, or other information required to be maintained under this Paragraph.

17      80.     At the conclusion of the information-retention period provided in the preceding

18 Paragraph, Defendant shall notify the United States at least 90 days prior to the destruction of any

19 documents, records, or other information subject to the requirements of the preceding Paragraph,

20 and, upon a request by the United States made within 75 days after the United States' receipt of

21 NPC's notice pursuant to this Paragraph, NPC shall deliver any such documents, records, or other

22 information to EPA.  NPC may assert that certain documents, records, or other information are

23 privileged under the attorney-client privilege or any other privilege recognized by federal law.  If

24 NPC asserts such a privilege, it shall provide the following:  (1) the title of the document, record,

25 or information; (2) the date of the document, record, or information; (3) the name and title of each

26 author of the document, record, or information; (4) the name and title of each addressee and

27 recipient; (5) a description of the subject of the document, record, or information; and (6) the

28 privilege asserted by NPC.  However, no documents, records, or other information created or

1  generated pursuant to the requirements of this Consent Decree shall be withheld on grounds of

2  privilege.

3      81.    NPC may also assert that information required to be provided under this Section is

4  protected as Confidential Business Information ("CBI") under 40 C.F.R. Part 2.  As to any

5  information that NPC seeks to protect as CBI, NPC shall follow the procedures set forth in 40

6  C.F.R. Part 2.

7      82.    This Consent Decree in no way limits or affects any right of entry and inspection,

8  or any right to obtain information, held by the United States or the State of Nevada pursuant to

9  applicable federal or State laws, regulations, or permits, nor does it limit or affect any duty or

10  obligation of NPC to maintain documents, records, or other information imposed by applicable

11  federal or State laws, regulations, or permits.

12      XIV.   EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

13      83.    This Consent Decree resolves the civil claims of the United States and NDEP for

14  the violations alleged in the Complaint filed in this action through the date of lodging or alleged

15  in the following Notices:  Docket Nos. R9-06-10 (EPA); 1862 through 1907 (NDEP); and 1942

16  through 1951 (NDEP).

17      84.    The United States and State of Nevada reserve all legal and equitable remedies

18  available to enforce the provisions of this Consent Decree, except as expressly stated in Paragraph

19  83.  This Consent Decree shall not be construed to limit the rights of the United States and/or the

20  State of Nevada to obtain penalties or injunctive relief under the Act or implementing regulations,

21  or under other federal or State laws, regulations, or permit conditions, except as expressly

22  specified in Paragraph 83.  The United States and the State of Nevada further reserve all legal and

23  equitable remedies to address any imminent and substantial endangerment to the public health or

24  welfare or the environment arising at, or posed by, the Facility.

25      85.    This Consent Decree is not a permit, or a modification of any permit, under any

26  federal, State, or local laws or regulations.  NPC is responsible for achieving and maintaining

27  compliance with all applicable federal, State, and local laws, regulations, and permits; and NPC's

28  compliance with this Consent Decree shall be no defense to any action commenced pursuant to

1    any such laws, regulations, or permits.  The United States and State of Nevada do not, by their

2    consent to the entry of this Consent Decree, assert in any manner that NPC's compliance with any

3    aspect of this Consent Decree will result in compliance with provisions of the Act, 42 U.S.C. §§

4    7401 - 7671q, or with any other provisions of federal, State, or local laws, regulations, or permits.

5          86.     This Consent Decree does not limit or affect the rights of the Parties against any

6    third party, not a party to this Consent Decree, nor does it limit the rights of any third party, not a

7    party to this Consent Decree, against NPC, except as otherwise provided by law.

8          87.     This Consent Decree shall not be construed to create rights in, or grant any cause

9    of action to, any third party not a party to this Consent Decree.

10                         XV.     COSTS

11         88.     The Parties shall bear their own costs of this action, including attorneys' fees,

12   except that the United States and/or the State of Nevada shall be entitled to collect the costs

13   (including attorneys' fees) incurred in any action necessary to collect any portion of the civil

14   penalty or any Stipulated Penalties due but not paid by NPC.

15                        XVI.    NOTICES

16         89.     Unless otherwise specified herein, whenever notifications, submissions, or

17   communications are required by this Consent Decree, they shall be made in writing and addressed

18   as follows:

19

20   To the United States:

21   Chief, Environmental Enforcement Section
     Environment and Natural Resources Division
     U.S. Department of Justice
22   Box 7611 Ben Franklin Station
     Washington, D.C.  20044-7611
23   Re:  DOJ No. 90-5-2-1-06982

24   and

25   Chief, Environmental Enforcement Section
     Attn:  DOJ # 90-5-2-1-08653 (Boer)
26   United States Department of Justice
     301 Howard Street, Suite 1050
27   San Francisco, California  94105

28   and

1

2   Allan Zabel, ORC-2
    U.S. Environmental Protection Agency, Region IX
3   75 Hawthorne Street
    San Francisco, California 94105

4   To EPA:

5   Director, Air Division (AIR-1)
    Attn: Steve Frey
6   U.S. Environmental Protection Agency, Region IX
    75 Hawthorne Street
7   San Francisco, California 94105

8   and

9   Allan Zabel, ORC-2
    U.S. Environmental Protection Agency, Region IX
10  75 Hawthorne Street
    San Francisco, California 94105

11  To State of Nevada:

12
    Mike Elges
13  Chief, Bureau of Air Pollution Control
    Nevada Division of Environmental Protection
14  901 S. Stewart Street, Suite 4001
    Carson City, NV 89701
15
16  and

    William Frey
17  Senior Deputy Attorney General
    Nevada Department of Justice
18  100 North Carson Street
    Carson City, NV 89701
19
    To NDEP:
20
    Mike Elges
21  Chief, Bureau of Air Pollution Control
    Nevada Division of Environmental Protection
22  901 S. Stewart Street, Suite 4001
    Carson City, NV 89701
23

24  To Defendant:

25  Josh M. Reid
    Parsons Behle & Latimer
26  201 S. Main Street, Suite 1800
    Salt Lake City, Utah 84121
27
    and
28

1   William M. Clark
    Generation Executive and Responsible Official
2   Nevada Power Company
    6226 West Sahara Avenue
3   Las Vegas, NV 89151

4   and

5   Starla S. Lacy
    Director, Environmental Services
6   Nevada Power Company
    6226 West Sahara Avenue
7   Las Vegas, NV 89151

8

9        90.    All notifications, communications, or submissions made pursuant to this Section

shall be sent by overnight mail or by certified or registered mail, return receipt requested.  All

notifications, communications, and transmissions sent by overnight, certified or registered mail

shall be deemed submitted on the date they are postmarked.

       91.    Any Party may change either the notice recipient or the address for providing

notices to it by serving all other Parties with a notice, pursuant to this Section, setting forth such

new notice recipient or address.

XVII.  <u>EFFECTIVE DATE</u>

       92.    The Effective Date of this Consent Decree shall be the date upon which this

Consent Decree is entered by the Court.

XVIII. <u>RETENTION OF JURISDICTION</u>

       93.    The Court shall retain jurisdiction over this case until termination of this Consent

Decree, for the purpose of resolving disputes arising under this Decree or entering orders

modifying this Decree, pursuant to Sections XI (Dispute Resolution) and XIX (Modification), or

effectuating or enforcing compliance with the terms of this Decree.

XIX.  <u>MODIFICATION</u>

       94.    The terms of this Consent Decree or its appendices contains the entire agreement

of the parties and may be modified only by a subsequent written agreement signed by all the

Parties.  Where the modification constitutes a material change to any term of this Decree, it shall

be effective only upon approval by the Court.

1

## XX.    TERMINATION AS TO COMPLETED TASKS

2    95.    As soon as NPC completes any construction required by this Decree, or completes

3    any requirement that will not recur, NPC may seek termination of that portion of the Decree that

4    dictated such requirement.

5    96.    Following receipt by the Plaintiffs of NPC's Request for Termination, the Parties

6    shall confer informally concerning the Request and any disagreement that the Parties may have as

7    to whether NPC has satisfactorily complied with the requirements for termination of the requested

8    portion of this Consent Decree.  The Plaintiffs shall determine, and notify NPC, of any

9    disagreement as to whether NPC has satisfactorily complied with the requirements for

10    termination as requested pursuant to this Section, no later than 45 days after the NPC's request is

11    received by the Plaintiffs.  If the United States and the State of Nevada agree that NPC has met

12    the requirements of the portion of the Decree, the Parties shall submit, for the Court's approval, a

13    joint stipulation terminating the relevant portion of the Decree.

14    97.    If the United States and State of Nevada do not agree that the requested portion of

15    the Decree may be terminated, NPC may invoke Dispute Resolution under Section XI (Dispute

16    Resolution) of this Decree.

17

## XXI.    PUBLIC PARTICIPATION

18    98.    This Consent Decree shall be lodged with the Court for a period of not less than 30

19    days for public notice and comment in accordance with 28 C.F.R. § 50.7.  The United States

20    reserves the right to withdraw or withhold its consent if the comments regarding the Consent

21    Decree disclose facts or considerations indicating that the Consent Decree is inappropriate,

22    improper, or inadequate.  Defendant consents to entry of this Consent Decree without further

23    notice.

24

## XXII.  SIGNATORIES/SERVICE

25    99.    Each undersigned representative of the Parties certifies that he or she is fully

26    authorized to enter into the terms and conditions of this Consent Decree and to execute and

27    legally bind the Party he or she represents to this document.

28

1    100.    This Consent Decree may be signed in counterparts, and its validity shall not be

2    challenged on that basis.

3    101.    NPC agrees not to oppose entry of this Consent Decree by the Court or to

4    challenge any provision of the Decree, unless the United States and the State of Nevada have

5    notified NPC in writing that they no longer support entry of the Decree.

6    102.    NPC agrees to accept service of process by mail with respect to all matters arising

7    under or relating to this Consent Decree and to waive the formal service requirements set forth in

8    Rules 4 and 5 of the Federal Rules of Civil Procedure and any applicable Local Rules of this

9    Court including, but not limited to, service of a summons.

10                                    XXIII. INTEGRATION

11    103.    This Consent Decree constitutes the final, complete, and exclusive agreement and

12    understanding between the Parties with respect to the settlement embodied in the Decree and

13    supersedes all prior agreements and understandings, whether oral or written, concerning the

14    settlement embodied herein.  No other document, nor any representation, inducement, agreement,

15    understanding, or promise, constitutes any part of this Decree or the settlement it represents, nor

16    shall it be used in construing the terms of this Decree.

17                                    XXIV. FINAL JUDGMENT

18    104.    Upon approval and entry of this Consent Decree by the Court, this Consent Decree

19    shall constitute a final judgment of the Court as to the United States, the State of Nevada, and

20    NPC.  The Court finds that there is no just reason for delay and therefore enters this judgment as a

21    final judgment under Fed. R. Civ. P. 54 and 58.  This Consent Decree serves as the final

22    adjudication of claims raised by the NDEP and EPA in paragraphs 4 and 5.

23                                    XXV.  APPENDICES

24    105.    The following appendices are attached to and incorporated into this Consent

25    Decree:

26    Appendix A, regarding contracts between NPC, its parent or affiliated corporations, and

27    third party contractors; and

28

- 35 -

1       Appendix B, which is entitled "Environmental Compliance Plan for Nevada Power

2  Company's Reid Gardner Generating Station in Moapa, Nevada."

1

**ORDER**

2

IT IS SO ORDERED:

3

4

PHILIP M. PRO, UNITED STATES DISTRICT JUDGE

5

6

7   DATED:        June 14, 2007

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **FOR PLAINTIFF UNITED STATES OF AMERICA:**

2

3  Dated: 3/7/02

4  MATTHEW J. MCKEOWN
   Acting Assistant Attorney General

5  Environment & Natural Resources Division
   U.S. Department of Justice

6

7

8  Dated: 3/12/07

   TOM J. BOER

9  Trial Attorney
   Environmental Enforcement Section

10  U.S. Department of Justice
    301 Howard Street, Suite 1050

11  San Francisco, California 94105
    Telephone: (415) 744-6471

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **FOR PLAINTIFF UNITED STATES OF AMERICA:**

2

3

4

5

6  Dated: *March 5, 2007*

GRANTA NAKAYAMA
7  Assistant Administrator
Office of Enforcement and Compliance
8    Assurance
U.S. Environmental Protection Agency
9  1200 Pennsylvania Avenue
Mail Code 2201A
10  Washington, D.C.  20460

11

12

13

OF COUNSEL:
14

ANDREW C. HANSON
15  Attorney Advisor
U.S. Environmental Protection Agency
16  1200 Pennsylvania Ave. NW
Washington, DC 20460
17

18

19

20

21

22

23

24

25

26

27

28

1    **FOR PLAINTIFF UNITED STATES OF AMERICA:**

2

3    Dated: _____

4                                                GRANTA NAKAYAMA
                                                 Assistant Administrator
                                                 Office of Enforcement and Compliance
5                                                  Assurance
                                                 U.S. Environmental Protection Agency
6                                                1200 Pennsylvania Avenue
                                                 Mail Code 2201A
7                                                Washington, D.C.  20460

8

9
     Dated: 06 MARCH 2007
10                                               WAYNE NASTRI
                                                 Regional Administrator
11                                               U.S. Environmental Protection
                                                 Agency, Region 9
12                                               San Francisco, CA

13
     OF COUNSEL:
14
     ALLAN ZABEL
15   Senior Counsel
     U.S. Environmental Protection Agency, Region 9
16   75 Hawthorne Street
     San Francisco, CA  94105
17

18

19

20

21

22

23

24

25

26

27

28

1    **FOR PLAINTIFF NEVADA DEPARTMENT OF ENVIRONMENTAL PROTECTION:**

2

3    Dated: 3/1/07

4                                         LEO M. DROZDOFF
                                          Administrator
5                                         Nevada Department of Environmental
                                            Protection
6                                         901 S. Stewart Street, Suite 4001
                                          Carson City, Nevada  89701

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FOR DEFENDANT NEVADA POWER COMPANY:**

Dated: 2-15-07

WALTER M. HIGGINS, III
Chairman of the Board, President and C.E.O.
Sierra Pacific Resources
6100 Neil Road
Reno, NV 89511

- 41 -

1  **FOR DEFENDANT NEVADA POWER COMPANY:**

2

3  Dated: _2/28/07_

4  DONALD L. SHALMY
   President, Nevada Power Company
5  6226 West Sahara Avenue
   Las Vegas, Nevada 89146

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 42 -